**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

MARICA BROUS, HELEN LOGIN,
DIANA ROSENBERG, MYRIAM
RODRIGUEZ, HELEN PILLION, JOAN
MacPHEE, GLADYS RODRIGUEZ,
LUCILLE GENCO, THERESA CASSIDY,
and CLARE MORRISON,

**Civil Action No: 05-1026 PAM/RLE**

             Plaintiffs,

vs.

WYETH, d/b/a WYETH, INC., and
WYETH PHARMACEUTICALS; and
PFIZER, INC.; BRISTOL-MYERS
SQUIBB COMPANY; GREENSTONE
LTD.; ABBOTT LABORATORIES;
BARR LABORATORIES, INC.;
PHARMACIA & UPJOHN COMPANY,
LLC; and NOVARTIS
PHARMACEUTICALS CORPORATION,

             Defendants.

**ORDER FOR DISMISSAL OF NOVARTIS PHARMACETICALS CORPORATION**

**AS TO CERTAIN PLAINTIFFS**

Pending is the Joint Motion of certain Plaintiffs and Novartis Pharmaceuticals Corporation for dismissal of the claims against Novartis pursuant to Fed.R.Civ.Proc. 41(a)(2), upon certain terms and conditions.

As used in this Order, "Plaintiffs" means the following women:  Marcia Brous, Helen Login, Diana Rosenberg, Helen Pillion, Joan MacPhee, Gladys Rodriguez, Lucille Genco, Theresa Cassidy, and Clare Morrison.  This joint motion **does not** affect the claim of plaintiff Myriam Rodriguez.

As used in this Order, "Novartis" means Novartis Pharmaceuticals Corporation.

To the extent that the complaint filed on behalf of these Plaintiffs asserted, or may have been construed to have asserted, claims against Novartis, Plaintiffs now desire to dismiss those claims.  (Novartis' joinder in this motion does not constitute acknowledgement that the complaint stated claims against Novartis as to some or all of these Plaintiffs.)

The Court having reviewed the joint motion and upon all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED that the joint motion is GRANTED and the claims against Novartis are hereby DISMISSED, upon the following terms and conditions:

1. This dismissal is without prejudice until December 9, 2005.

2. Between the date of an order pursuant to this motion and December 9, 2005, any Plaintiff may move to amend her complaint in this action to reassert a claim against Novartis, accompanied by (a) signed consent to the amendment by Novartis, or (b) a demonstration of evidentiary support and legal basis to assert a claim against Novartis.

3. If this Court or another court grants a motion to amend that is served and filed within the time limits of Paragraph 2 above, then (a) all defenses (including jurisdictional defenses and statute of limitations defenses) to which Novartis was entitled as of the effective date of the original Complaint against Novartis are preserved, and (b) Novartis may not assert any statute of limitations defense based solely on the passage of time between the effective

date of the original Complaint against Novartis and the reassertion of a claim against Novartis in the amended complaint.

    4.    If a Plaintiff does not bring a motion to amend as provided in Paragraph 2, or if the court denies the motion to amend, this dismissal will automatically become a dismissal with prejudice as to that Plaintiff, effective December 9, 2005.

    5.    If a motion to amend a pending complaint as provided above is granted by Order of another court, it shall be the duty of the affected Plaintiff to notify this Court and to provide it with a copy of that Order.

There being no just reason for delay in entry of judgment of dismissal as to Novartis after December 9, 2005, LET JUDGMENT OF DISMISSAL OF NOVARTIS ON THE ABOVE TERMS AND CONDITIONS BE ENTERED ON OR AFTER DECEMBER 9, 2005.

Dated:   June   28,   2005                s/Paul A. Magnuson
                                                UNITED STATES DISTRICT JUDGE
                                                    Paul A. Magnuson